1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

RICHARD LAMAR,

              Defendant.

CASE NO. CR11-120-JCC

DETENTION ORDER

Offense charged:

    Conspiracy to Distribute Marijuana, 1,000 kilograms or more

Date of Detention Hearing:    May 3, 2011

    The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)      There is probable cause to believe defendant committed the drug offense charged in this case.  The maximum penalty for this offense is in excess of ten years.  There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

(2)     Nothing in the record effectively rebuts that presumption, at least as to dangerousness.

(3)     Wiretaps and other evidence indicate that defendant was the principal assistant to Jacob Saul Stuart, the leader of the alleged conspiracy in this case.

(4)     Defendant was repeatedly surveilled loading hockey bags containing very large quantities of marijuana into airplanes for shipment, as well as large amounts of cocaine.

(5)     1,000 pounds of marijuana were recovered from the storage facility associated with his residence.

(6)     He has basically admitted to law enforcement his entire role in the scheme charged in this case.

(7)     The Hells Angels in Canada were allegedly the source of some of the controlled substances involved in the case.  When some of those drugs "disappeared," (actually, they had been seized by law enforcement), defendant assisted the Hells Angels and Mr. Stuart in their attempt to obtain weapons to retaliate against whoever had taken the drugs.

(8)     The government's information is based in part upon informants.  Defendant will be able to identify those informants from the discovery materials provided.  If he were released, the informants would be at risk.

(9)     Defendant is unemployed.  On one form, he indicated that Mr. Stuart was his employer.

(10)    Defendant admits that he smokes marijuana on a daily basis, and that he has also experimented with cocaine in the past.

(11)    The charges in this case carry a mandatory minimum sentence of 10 years, and a maximum of life imprisonment.  The prospect of such penalties would provide defendant with substantial incentive to flee, if released.  But his strong support in the

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

1    community suggests there are conditions of release which would provide reasonable

2    assurance he would make his appearances as required.  His local ties have apparently

3    not been sufficient, however, to prevent him from becoming involved in very

4    substantial and dangerous drug distribution activities.

5    It is therefore ORDERED:

6    (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney

7           General for confinement in a corrections facility separate, to the extent practicable,

8           from persons awaiting or serving sentences or being held in custody pending appeal;

9    (2)    Defendant shall be afforded reasonable opportunity for private consultation with

10          counsel;

11   (3)    On order of a court of the United States or on request of an attorney for the

12          Government, the person in charge of the corrections facility in which defendant is

13          confined shall deliver the defendant to a United States Marshal for the purpose of an

14          appearance in connection with a court proceeding; and

15   (4)    The clerk shall direct copies of this order to counsel for the United States, to counsel

16          for the defendant, to the United States Marshal, and to the United States Pretrial

17          Services Officer.

18   DATED this 3rd day of May, 2011.

19

20                                          _____

21                                          John L. Weinberg
                                            United States Magistrate Judge

22

23

24

25   DETENTION ORDER - 3

26   18 U.S.C. § 3142(i)